# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIK KAUFMAN,<br><br>    Petitioner,<br><br>  v.<br><br>TIMOTHY S. ROBBINS,<br><br>    Respondent. | Case No. CV 10-4124-VBF (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING MATTER AS MOOT |

  On February 19, 2010, Maik Kaufman ("Petitioner") filed in the District of New Mexico a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. On March 1, 2010, Petitioner filed a First Amended Petition ("FAP"), in which he contends that he is being unlawfully detained by Immigration and Customs Enforcement ("ICE"). (Petition at 1.) On June 3, 2010, the case was transferred to the Central District of California.

  On September 15, 2010, Respondent filed a Notice Re: Release of Petitioner from Custody ("Notice"), stating that Petitioner was released from custody on September 14, 2010. (Notice at 1.) Respondent argues that Petitioner's release from custody renders the FAP moot and requests that the FAP be dismissed for lack of jurisdiction. (Id. at 2.) In support of his request for dismissal, Respondent submits a document entitled "Release Notification," which indicates that Petitioner was released from custody.

The case or controversy requirement of Article III of the Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP, Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). "In general, a case becomes moot '"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."'" Murphy v. Hunt, 455 U.S. 478, 481 (1984) (citations omitted). The Court does not have the power to decide a case that does not affect the rights of litigants in the case before it. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996). In other words, a petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable judicial decision. Spencer v. Kemna, 523 U.S. 1, 7 (1998); NAACP v. Western Region, 743 F.2d at 1353.

In his FAP, Petitioner requested release from detention.[1] (FAP at 1.) Because Petitioner now has been released from detention, there is no further relief this Court can provide. Picrin-Person v. Rison, 930 F.2d 773, 775-76 (9th Cir. 1991). Accordingly, this case is moot.

The mootness rule is subject to an exception for matters that are "capable of repetition, yet evading review." See Nebraska Press Assn. v. Stuart, 427 U.S. 539, 546 (1976); GTE California, Inc. v. Federal Communications Comm'n, 39 F.3d 940, 945 (9th Cir. 1994). The exception is met when: (1) the "duration of the challenged conduct is too brief

---

[1] In the FAP, Petitioner also indicates that he is challenging a deportation order. (FAP at 1, Brief in Support of FAP at 4.) The District Court has no jurisdiction to consider such a challenge. 8 U.S.C. § 1252(b)(9); see also Iasu v. Smith, 511 F.3d 881, 884, 886-88 (9th Cir. 2007) (8 U.S.C. § 1252 (b)(9), as revised by the REAL ID Act of 2005, strips the district courts of jurisdiction to review deportation orders). Rather, a challenge to Petitioner's final deportation order lies within the exclusive jurisdiction of the Ninth Circuit. 8 U.S.C. § 1252 (a)(5) ("a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."); see also Iasu, 511 F.3d at 886-87. Thus, Plaintiff's only potentially viable claim in the FAP is his claim challenging his continued detention in ICE custody pending execution of the deportation order.

1 ever to be fully litigated prior to its cessation;" and (2) there is a reasonable probability that
2 the petitioner again will be subject to the challenged activity. Mitchell, 75 F.3d at 528; GTE
3 California, 39 F.3d at 945.

4      Although Petitioner's confinement is capable of repetition, any future confinement
5 would not be too brief to be fully litigated prior to its cessation because Plaintiff would be able
6 to file another habeas petition concerning any future alleged violation of his liberty interest.
7 Moreover, the Court cannot now determine if any future confinement of Petitioner would
8 violate his constitutional rights because such future confinement necessarily would be based
9 on new events that have not yet occurred. Any fear that ICE may take action against
10 Petitioner in the future does not create a case or controversy because such a case is not ripe
11 for adjudication. See Associated Gen. Contractors v. Coalition for Econ. Equity, 950 F.2d
12 1401, 1406-07 (9th Cir. 1991).

**ORDER**

14      Accordingly, IT IS HEREBY ORDERED that the First Amended Petition be dismissed
15 as moot.

16      IT IS SO ORDERED.

18 DATED: September 20, 2010

                                                                   VALERIE BAKER FAIRBANK
19                                                                   UNITED STATES DISTRICT JUDGE

21 Presented by:

23   /s/ John E. McDermott
     John E. McDermott
United States Magistrate Judge

3